■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT STATLER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 11, 1972, convicting him of criminal possession of a dangerous drug in the sixth degree as a misdemeanor, upon a plea of guilty, and imposing sentence. The appeal brings up for review a prior order of the same court, dated October 26, 1972, which denied defendant's motion to suppress the physical evidence, after a hearing. Judgment and order reversed, on the law and the facts, motion to suppress evidence granted and indictment dismissed. On the motion to suppress evidence, the People failed to justify the initial seizure of a bag of marijuana and therefore failed to establish probable cause for the subsequent search and seizure of a marijuana cigarette and a lump of " hash ". Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN ANTHONY WILLIAMS, Appellant.— Appeal by defendant, as limited by his brief, from so much of a sentence of the Supreme Court, Suffolk County, rendered January 21, 1974, as imposed a fine upon him of $1,000, payable within one year, upon a conviction of attempted robbery in the third degree, on a guilty plea. Sentence reversed insofar as appealed from, on the law. The sentence was invalid, as a matter of law, for failure to comply with section 80.00 of the Penal Law, which requires *inter alia*, that in order to impose a fine there must be a finding of a financial gain by the defendant from the commission of the crime (see *People* v. *Yannicelli*, 40 A D 2d 564, affd. 33 N Y 2d 621). No such finding was made by the sentencing court. In this determination, the District Attorney concurs. Hopkins, Acting P, J,; Martuscello, Cohalan, Christ and Munder, JJ., concur.

■ SAN JUAN HOTEL CORPORATION, Respondent, v. ROBERT 'GREENBERG, Appellant.— In an action to recover upon a default judgment entered in the Superior Court of Puerto Rico, defendant appeals (by permission of the Appellate Term for the 2nd and 11th Judicial Districts) from an order of the Appellate Term, dated April 22, 1974, which affirmed (1) a judgment of the Civil Court of the City of New York, County of Kings, entered May 10, 1973, in favor of plaintiff, upon an order of said Civil Court, entered April 24, 1973, granting plaintiff's motion for summary judgment and (2) said order. Order of the Appellate Term and order and judgment of the Civil Court of the City of New York, County of Kings, reversed, with $20 costs and disbursements to defendant in this court and with $20 costs and disbursements to defendant upon the appeal to the Appellate Term, and plaintiff's motion for summary judgment remitted to the Civil Court for (1) a traverse hearing as indicated hereinbelow and (2) a new determination. In our opinion, there were issues of fact as to whether the Puerto Rican court had obtained jurisdiction over defendant. He denied that he had ever been served with the summons or complaint, claimed that a registered letter admittedly received by him contained only a collection notice and asserted that he had paid the subject debt. These issues of fact cannot be resolved without a traverse hearing. Hopkins, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.